Matter of the Estate of COLLINS L. BALCH, Deceased.

(Surrogate's Court, New York County, January, 1917.)

Wills — provisions of — corporations — dividends — what is "income" — what represents earnings or profits.

A will provided that after the death of testator's wife, to whom he gave the entire net income of his estate, it should be paid to his daughter during her life. Five years after testa-

tor's decease a corporation in which he held stock at the time of his death began a suit to recover for loss of profits because of alleged infringement of certain of its patents, and, after the death of testator's wife, received a substantial sum in settlement of the litigation. *Held,* that an extraordinary dividend declared from such fund was " income " and that there should be such an apportionment thereof between the life tenant and remainderman, that the latter may receive such part as represents earnings or profits before the death of testator, and the former such part as represents earnings or profits since that date.

Application to compel trustees to pay over to petitioner certain moneys alleged to be income and claimed by petitioner.

Fletcher, Sillcocks & Leahy (Henry Sillcocks, of counsel), for petitioner.

Arnold & Greene, for respondent.

Geller, Rolston & Horan, for trustees.

Fowler, S.  This is an application to compel trustees to pay over to the petitioner certain moneys alleged to be income and claimed by the petitioner.  The facts set forth in the petition are undisputed, but in addition there is a stipulation as to the facts submitted by the parties.  Thus the only question before me for determination is a question of law.

The testator, Collins L. Balch, died on the 25th day of September, 1910, and his will was duly admitted to probate in this court on the 19th day of October, 1910. By his will testator appointed Warren S. Sillcocks and the Farmers' Loan and Trust Company executors and trustees.  The persons so nominated qualified and letters testamentary were issued to them on the 19th day

Surrogate's Court, New York County, January, 1917. [Vol. 98.

of October, 1910. On the 27th of June, 1912, the executors accounted in this court and, pursuant to decree, they paid over and transferred the property to themselves as trustees, and still hold the same under the provisions of the will. The will provided, in substance, that after the death of the testator's widow, Georgia C. Balch, the petitioner, Grace C. Balch, should receive the entire net income of the estate during her lifetime. The widow, Georgia C. Balch, died on the 20th of September, 1913, and since the 20th of September, 1913, the petitioner claims to be entitled to the entire net income of the estate. The trustees, in accordance with the authority granted to them under the will, held as a part of the *corpus* of the trust fund 300 shares of '' The Celluloid Company,'' a New Jersey corporation, of the par value of $100 each, which stock the testator owned during his lifetime. Since the death of the testator there has been paid by the corporation annual dividends at the rate of eight per cent. During the year 1915 '' The Celluloid Company '' commenced suits against the '' Eastman Kodak Company,'' claiming infringements by the Eastman Kodak Company of certain film patents issued to or owned by the Celluloid Company. Before the said suit came to trial the same was settled and, pursuant thereto, the Eastman Kodak Company paid to the Celluloid Company in the month of March, 1916, a substantial sum in full settlement of the litigation. Subsequently, and on the 15th of April, 1916, the Celluloid Company paid out of the amount so received in settlement an extra dividend of ten per cent upon its capital stock, and the trustees of this estate received from the said corporation, in payment of the extra dividend, the sum of $3,000, and it is this sum of $3,000 which petitioner now seeks to have paid over to her as income. The trustees refuse payment, having

credited the extra dividend to the *corpus* of the estate as an increase in capital. The question, therefore, for determination is, Who is entitled to the extra dividend, the life tenant or the remainderman?

The theory of the application, of course, is that this extra dividend is wholly income, and, therefore, that the petitioner is entitled to all of the $3,000. The will fails to make any express provision for the disposition of any extraordinary dividends, and it, therefore, becomes necessary for the court to define the intent of the testator in accordance with the principles set forth in the recent adjudicated cases. In *Matter of Osborne*, 209 N. Y. 450, 458, it is stated: " In determining who is entitled to a dividend upon stock held in trust the intention of the testator or the maker of the trust must be carried out when such intent is clear, so far as such intent does not result in an unlawful accumulation of income." But the opinion further in substance states that in a great many cases the creator of the trust has not considered the possibility of extraordinary dividends being declared and fails to show any clear intention whatever in regard to such dividends. That is the condition existing in this case. To meet such a condition where no intent is manifest the Court of Appeals, at page 475, in *Matter of Osborne,* said: " We think that in each case the court should look into the facts, circumstances and nature of the transaction and determine the nature of the dividend and the rights of the contending parties according to *justice and equity.*"

As the testator died in 1910, and the suit which resulted in obtaining the moneys out of which this extraordinary dividend was declared was not started until 1915, it cannot by any stretch of the imagination be said that the testator had any personal knowledge or contemplation of any such extraordinary dividend,

33

or that he had any intention other than that the widow should get the income of the trust fund during her life, and Grace C. Balch should, after the death of the widow, get the net income during her life. It has been held in the federal courts in *Royer* v. *Shultz Belting Co.,* 45 Fed. Repr. 51; affd., 154 U. S. 515, that the theory upon which money damages are recovered in patent litigation is that the owner of the patent is to be reimbursed for his loss of profits. It would seem, therefore, that the loss of profits would commence from the date of the infringement of the patent, which in this case is sometime since December 29, 1896, and March 15, 1898, the dates upon which the patents were issued. It is not, however, set forth in the papers when the infringements took place. I am of the opinion that the money received by the Celluloid Company from the Eastman Kodak Company is no part of capital, but that it represented earnings, and under the authority laid down in *Matter of Osborne, supra,* there should be an apportionment between the life tenant and the remainderman so that the remainderman may receive such part of the dividend as represents earnings or profits before the death of the testator in 1910, and that the life beneficiary should receive such part of the money as represents earnings or profits since that date. It is stated in the memorandum submitted that there may be considerable difficulty in solving such an apportionment upon the facts disclosed in the record. That appears to be quite true, but additional facts and data may be submitted by the parties so as equitably to effect an apportionment. The sum is not great, and there ought not to be any difficulty. The court is not concerned now with the ultimate apportionment, but it is concerned with the principle, whether or not there shall be any apportion-

ment; in other words, whether or not these moneys are principal or income. It is my opinion that it is to be treated as income. But the parties may enlighten me further if they choose; if not, settle decree accordingly.

Decreed accordingly.